UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
RAHAMAN KHAN,

                           Plaintiff,

                     -against-

IBI ARMORED SERVICES, INC.,

                          Defendant.
------------------------------------------------------X

**MEMORANDUM & ORDER**

04 CV 762 (RJD) (SMG)

DEARIE, District Judge.

The Court referred plaintiff's motion for summary judgment and motion to strike defendant's answer, as well as defendant's motion for leave to amend its answer, to Magistrate Judge Steven Gold for report and recommendation. On August 24, 2005, Magistrate Judge Gold issued a report recommending that the Court deny plaintiff's motions and grant defendant's motion. By submission dated September 15, 2005, plaintiff objected to Magistrate Judge Gold's recommendations regarding the motions for summary judgment and leave to amend.[1] For the reasons discussed below, the Court adopts Magistrate Judge Gold's report and recommendation. Plaintiff's motion for summary judgment is denied and defendant's motion for leave to amend is granted.

## I.    Defendant's Motion for Leave to Amend

When considering objections to a magistrate judge's ruling on a non-dispositive matter, a district judge shall "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A)

---

[1]Plaintiff does not object to Magistrate Judge Gold's recommendation that plaintiff's motion to strike defendant's answer be denied. The Court adopts the recommendation and denies plaintiff's motion to strike defendant's answer.

("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where . . . the magistrate judge's order is clearly erroneous or contrary to law.").

Defendant seeks leave to amend its answer in order to add the affirmative defense of exemption from Section 207 of the Fair Labor Standards Act and from New York Labor Law. 29 U.S.C. § 207; 12 N.Y.C.R.R. § 142-2.2. A party claiming an exemption from paying an hourly employee overtime must assert the exemption as an affirmative defense or risk waiver. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

Magistrate Judge Gold's decision to grant defendant's leave to amend is not clearly erroneous. Contrary to plaintiff's contentions, defendant need not have requested a pre-motion conference to seek leave to amend. As explained below, amendment at this stage would not be futile because defendant has raised an issue of fact as to whether plaintiff falls under the Motor Carrier Exemption. Nor would amendment unduly prejudice plaintiff, where as here, plaintiff was already aware of the Motor Carrier Exemption and anticipated the defense in his papers.

## II. Plaintiff's Motion for Summary Judgment

The Court reviews *de novo* objections to reports and recommendations on dispositive motions. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Plaintiff moves for summary judgment on the grounds that defendant failed to pay plaintiff overtime wages. Defendant invokes the Motor Carrier Exemption, which generally covers drivers, drivers' helpers, mechanics, and loaders, to argue that plaintiff's duties as a vault attendant were the same as those of a loader. 29 C.F.R. § 782.2(b)(2). Defendant

states that plaintiff's work "directly affect[ed] the safety of operation of motor vehicles," as the exemption requires. Id. Plaintiff counters that he merely placed the cargo on or near a loading dock, not on the truck. According to plaintiff, the responsibilities of vault attendant entailed security and preservation of the freight, not safety of the motor vehicle or its cargo.

Defendant submits affidavits from Vice President of Currency Operations Elaine Trefzer and vault attendant Willie Mendez, as well as deposition testimony from Ms. Trefzer and plaintiff, to show that plaintiff's responsibilities were akin to those of a loader. Contrary to plaintiff's objections, this evidence is admissible.[2] Plaintiff's attacks on the opinions of Ms. Trefzer and Mr. Mendez relate to the weight, not the admissibility, of the evidence.

The testimony and affidavits raise questions of fact as to whether plaintiff's job responsibilities included "exercising judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of vehicles . . . will not be jeopardized." 29 C.F.R. § 782.5.

Accordingly, the Court denies plaintiff's motion for summary judgment and grants defendant leave to amend its answer. The Court adopts Magistrate Judge Gold's report and recommendation in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2005

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

---

[2] Plaintiff's argument that Magistrate Judge Gold misstates the elements of the Motor Carrier Exemption and the standard for summary judgment is also unavailing.

3